1   JAMES T. HANNINK (131747)
    jhannink@sdlaw.com
2   ZACH P. DOSTART (255071)
    zdostart@sdlaw.com
3   DOSTART HANNINK & COVENEY LLP
    4180 La Jolla Village Drive, Suite 530
4   La Jolla, California 92037-1474
    Tel:  858-623-4200
5   Fax: 858-623-4299

6   Attorneys for Plaintiff

7

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**10/02/2019** at 01:43:00 PM

Clerk of the Superior Court
By Regina Chanez,Deputy Clerk

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF SAN DIEGO

10

11   RICHARD SIELA, individually and on behalf
     of all others similarly situated,
12
                    Plaintiff,
13
     vs.
14
     SUPERIOR GLOBAL MARKETING INC.,
15   an Oregon corporation, d/b/a PRIMITIVE
     SURVIVORS; and DOES 1-50, inclusive,
16
                    Defendant.
17

18

19

20

21

22

23

24

CASE NO. 37-2019-00040992-CU-BT-CTL

CLASS ACTION

FIRST AMENDED COMPLAINT FOR:

(1) VIOLATION OF THE CALIFORNIA
AUTOMATIC RENEWAL LAW
[Bus. & Prof. Code, § 17600 *et seq.*]

(2) FALSE ADVERTISING
[Bus. & Prof. Code, § 17500 *et seq.*]

(3) VIOLATION OF THE CALIFORNIA
CONSUMERS LEGAL REMEDIES ACT
[Cal. Civ. Code, § 1750 *et seq.*]

(4) UNFAIR COMPETITION
[Bus. & Prof. Code, § 17200 *et seq.*]

(5) UNJUST ENRICHMENT

(6) VIOLATION OF THE ELECTRONIC
FUNDS TRANSFER ACT
[15 U.S.C. § 1639 *et seq.*]

DEMAND FOR JURY TRIAL

25

26

27

28

CLASS ACTION COMPLAINT

1

**PRELIMINARY ALLEGATIONS**

2      1.      Defendant Superior Global Marketing Inc. ("SGM") violates California law by

3   employing deceptive "free" or "risk-free" offers and by enrolling consumers in a continuous service

4   subscription program without making the legally-required disclosures and without the consumers'

5   affirmative consent to an agreement containing such disclosures.

6      2.      When a consumer responds to one of SGM's "free" or "risk-free" offers, SGM

7   requires the consumer to provide his or her credit card or debit card billing information, purportedly

8   to pay nominal shipping and handling fees (typically less than $5.00).  However, approximately two

9   weeks after the order is submitted, SGM posts a charge to the consumer's credit or debit card in the

10   amount of the full retail price of the item.  Moreover, when the order is submitted, SGM enrolls the

11   consumer in what SGM calls the "Survivor's Club."  Enrollment in the Survivor's Club results in

12   ongoing and recurring charges to the consumer's credit or debit card.

13      3.      Marketing schemes such as those utilized by SGM have been described as a "scam"

14   by the Federal Trade Commission ("FTC").  See https://www.consumer.ftc.gov/taxonomy/term/858

15   (last accessed October 2, 2019).  The FTC has sought to educate consumers to be able to avoid such

16   scams, but the agency continues to receive numerous consumer complaints.  See *Strings attached*

17   *to some "risk-free" trial offers*, available at https://www.consumer.ftc.gov/blog/strings-attached-

18   some-risk-free-trial-offers (last accessed October 2, 2019); *Risk free trials were bait for rip offs*,

19   available at https://www.consumer.ftc.gov/blog/risk-free-trials-were-bait-rip-offs (last accessed

20   October 2, 2019).

21      4.      This action alleges that in the course of carrying out its deceptive marketing and

22   continuous service schemes, SGM violates the Automatic Renewal Law, Bus. & Prof. Code,

23   § 17600 *et seq.*; the False Advertising Law, Bus. & Prof. Code, § 17500 *et seq.*; the Consumers

24   Legal Remedies Act, Civ. Code, § 1750 *et seq.*; and the Unfair Competition Law, Bus. & Prof.

25   Code, § 17200 *et seq*.  This action also asserts a cause of action for violation of the Electronic Funds

26   Transfer Act, 15 U.S.C. § 1693 *et seq*.  This action seeks a public injunction and other equitable

27   relief, including full restitution to affected California consumers.

28

2

CLASS ACTION COMPLAINT

1

**THE PARTIES**

2      5.      Plaintiff Richard Siela ("Plaintiff") is an individual residing in Ventura County,

3  California.

4      6.      Plaintiff is informed and believes and thereon alleges that Superior Global Marketing

5  Inc. ("SGM") is an Oregon corporation that does business under the fictitious business name of

6  Primitive Survivors.  SGM advertises and sells products at issue in this case to consumers in

7  California, including San Diego County.

8      7.      Plaintiff does not know the names of the defendants sued as DOES 1 through 50, but

9  will amend this Complaint when that information becomes known.  Plaintiff alleges on information

10  and belief that each of the DOE defendants is affiliated with SGM in some respect and is in some

11  manner responsible for the wrongdoing alleged herein, either as a direct participant, or as the

12  principal, agent, successor, alter ego, or co-conspirator of or with one or more of the other

13  defendants.  For ease of reference, Plaintiff will refer to the named defendant and the DOE

14  defendants collectively as "Defendants."

15      8.      Venue is proper in this Court because SGM is not qualified to do business in

16  California and has not filed a statement designating a county within California in which it maintains

17  a principal local office.  Accordingly, venue is proper in any county in California.

18

**BACKGROUND**

19

**The California Automatic Renewal Law**

20      9.      In 2009, the California Legislature passed Senate Bill 340, which took effect on

21  December 1, 2010 as Bus. & Prof. Code § 17600 *et seq*. (the California Automatic Renewal Law or

22  "ARL"), which is part of the False Advertising Law (Bus. & Prof. Code, § 17500 et seq).  (Unless

23  otherwise stated, all statutory references are to the Business and Professions Code.)  SB 340 was

24  introduced because:

25           It has become increasingly common for consumers to complain about unwanted
             charges on their credit cards for products or services that the consumer did not
26           explicitly request or know they were agreeing to. Consumers report they believed
             they were making a one-time purchase of a product, only to receive continued
27           shipments of the product and charges on their credit card. These unforeseen charges
             are often the result of agreements enumerated in the "fine print" on an order or
28           advertisement that the consumer responded to.

3

CLASS ACTION COMPLAINT

1  *See* Exhibit 1 at 4.  SB 340 sought to deter unauthorized shipments and charges by codifying that

2  such items are deemed to be an unconditional gift to the consumer:

3     [T]his bill … [p]rovides that in any case in which a business sends any goods, wares,
       merchandise, or products to a consumer, under a continuous service or automatic
4      renewal, without first obtaining the consumer's affirmative consent, in the manner
       required by this bill, then the goods, wares, merchandise, or products shall be deemed
5      an unconditional gift to the consumer, and the business shall bear any shipping or
       other related costs.

6

7  *See* Exhibit 2 at 9.

8         10.    The Assembly Committee on Judiciary provided the following background for the

9  legislation:

10    This non-controversial bill, which received a unanimous vote on the Senate floor,
       seeks to protect consumers from unwittingly consenting to "automatic renewals" of
11     subscription orders or other "continuous service" offers.  According to the author and
       supporters, consumers are often charged for renewal purchases without their consent
12     or knowledge.  For example, consumers sometimes find that a magazine subscription
       renewal appears on a credit card statement even though they never agreed to a
13     renewal.

14 *See* Exhibit 2 at 8.

15        11.    On July 1, 2018, the ARL was strengthened by SB 313 with respect to offers that

16 include a "free" gift or trial.  The purpose of the July 2018 amendment was explained as follows:

17    This bill would, commencing on July 1, 2018, require a business that makes an
       automatic renewal offer or continuous service offer that includes a free gift or trial,
18     to include in the offer a clear and conspicuous explanation of the price that will be
       charged after the trial ends or the manner in which the subscription or purchasing
19     agreement pricing will change upon conclusion of the trial. The bill would prohibit
       a business from charging a consumer's credit or debit card, or the consumer's
20     account with a 3rd party, for an automatic renewal or continuous service that is made
       at a promotional or discounted price for a limited period of time without first
21     obtaining the consumer's consent to the agreement. The bill would also specify that
       if the automatic service offer or continuous service offer includes a free gift or trial,
22     the business is required to disclose how to cancel, and allow the consumer to cancel,
       the automatic renewal or continuous service before the consumer pays for the goods
23     or services.

24 *See* Exhibit 3 at 12.

25        12.    The ARL seeks to ensure that, before there can be a legally-binding automatic

26 renewal or continuous service arrangement, there must first be adequate disclosure of certain terms

27 and conditions and affirmative consent by the consumer.  To that end, § 17602(a) makes it unlawful

28 for any business making an automatic renewal offer or a continuous service offer to a consumer in

4

CLASS ACTION COMPLAINT

1  California to do any of the following:

2         (1)    Fail to present the automatic renewal offer terms or continuous service offer

3  terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled

4  and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the

5  request for consent to the offer.  (Bus. & Prof. Code, § 17602(a)(1).) For this purpose, "clear and

6  conspicuous" means "in larger type than the surrounding text, or in contrasting type, font, or color

7  to the surrounding text of the same size, or set off from the surrounding text of the same size by

8  symbols or other marks, in a manner that clearly calls attention to the language."  (Bus. & Prof.

9  Code, § 17601(c).)  In the case of an audio disclosure, 'clear and conspicuous' means in a volume

10  and cadence sufficient to be readily audible and understandable."  (*Ibid*.)

11         (2)    Charge the consumer's credit or debit card or the consumer's account with a

12  third party for an automatic renewal or continuous service without first obtaining the consumer's

13  affirmative consent to the agreement containing the automatic renewal offer terms or continuous

14  service offer terms.  (Bus. & Prof. Code, § 17602(a)(2).)

15         (3)    Fail to provide an acknowledgment that includes the automatic renewal or

16  continuous service offer terms, cancellation policy, and information regarding how to cancel in a

17  manner that is capable of being retained by the consumer.  If the offer includes a free trial, the

18  business shall also disclose in the acknowledgment how to cancel and allow the consumer to cancel

19  before the consumer pays for the goods or services.  (Bus. & Prof. Code, § 17602(a)(3).)

20  **FACTS GIVING RISE TO PLAINTIFF'S CLAIM**

21       13.    On or about July 2, 2019, Plaintiff responded to an on-line survey that had been sent

22  to him by a retailer.  After submitting the survey response, Plaintiff was presented with an offer

23  from Primitive Survivors for a "free" headlamp, if he would pay for the shipping and handling cost

24  of $4.95.  During the order process, Plaintiff somehow ended up with two headlamps in the on-line

25  shopping cart, rather than one.  Plaintiff attempted to remove the extra headlamp from the cart, but

26  for reasons unknown to Plaintiff, he was unable to do so.  Plaintiff decided to proceed with the order,

27  which he believed would entail a one-time purchase of about $10.00 to complete the transaction for

28  both headlamps.

5

CLASS ACTION COMPLAINT

14.     After the order was placed, Plaintiff called Primitive Survivors to explain that he wanted just one headlamp, not two.  The Primitive Survivors representative refused to correct the order, and instead told Plaintiff that he would be receiving two headlamps.

15.     On July 2, 2019, two charges were posted to Plaintiff's credit card, one charge in the amount of $4.95 and one charge in the amount of $5.99, which Plaintiff believes were the shipping and handling charges for the two headlamps.

16.     On July 17, 2019, Defendants posted a charge to Plaintiff's credit card in the amount of $49.99.  Plaintiff never authorized that charge.  After seeing the unauthorized charge, Plaintiff called Defendants to request a refund.  Defendants' customer service representative responded that Plaintiff could not receive a full refund, but that he would receive a refund of $20.00.

17.     Plaintiff is informed and believes and thereon alleges that, in connection with Plaintiff's order as described above, Defendants enrolled Plaintiff into the "Survivors Club," which is a program under which Defendants post ongoing, recurring charges to the individual's credit card or debit card.  Plaintiff never consented to be enrolled in the Survivors Club.

18.     If Plaintiff had known that Defendants were going to enroll him in an automatic renewal or continuous service program, he would not have ordered the headlamps and would not have paid any money to Defendants.

19.     If Plaintiff had known that Defendants were going to charge him amounts in excess of shipping and handling, he would not have ordered the headlamps and would not have paid any money to Defendants.

### DEFENDANTS' DECEPTION OF CONSUMERS

20.     Notwithstanding legislative and regulatory efforts, including enactment of the California ARL, "automatic renewal" or "continuous service" programs continue to be a perennial source of consumer complaints.  That is certainly true in the case of SGM.  Based on information from several consumer websites, it is apparent that Defendants have engaged in similar deceptive conduct with respect to many other consumers.

21.     Customer reviews of SGM/Primitive Survivors on the Better Business Bureau ("BBB") website are so overwhelmingly negative to the point that the BBB has issued a warning:

6

CLASS ACTION COMPLAINT

Pattern of Complaint

On June 13, 2017, BBB recognized a pattern of complaints from consumers regarding advertising and billing issues.  Complaints allege that Primitive Survivors advertises a free flashlight promotion and consumers took advantage of the promotion.  Later, consumers alleged they received an unauthorized charge in the amount of $14.95 for a Primitive Survivors membership they did not agree to.

On July 25, 2017, BBB received a response from Primitive Survivors. The company is working with BBB to eliminate the underlying cause of its pattern of complaints.

A true and correct printout of the Pattern of Complaints is attached as Exhibit 4.

22.     The warning quoted above gives the impression that, as of July 25, 2017, SGM/Primitive Survivors had agreed to work with the BBB to "eliminate the underlying cause of its pattern of complaints."  But in fact, complaints about SGM have continued unabated and there is no indication that Defendants have changed their unlawful business practices.  Customer reviews of SGM within the last several months illustrate that Defendants' scheme is continuing and has adversely affected many consumers.

**Billing/Collection Issue (May 29, 2019)** I ordered a tac flashlight as they offered and was only supposed to pay shipping.  Yesterday they again hit my account twice for $34.95 and $49.99.  This additional charges were not authorized by me.

A true and correct printout of that complaint is attached as Exhibit 5.

**Billing/Collection Issue (May 22, 2019)** I have called Primitive Survivors several times to cancel my phony subscription of 34 95 per month where I am sent a Primitive Survivors Drink Pad- and have been told over and over again it has been canceled. However, each month I see a $34.95 charge on my account.

A true and correct printout of that complaint is attached as Exhibit 6.

**Billing/Collection Issue (May 20, 2019)** After ordering a flashlight and thinking I was paying for shipping only, ($4.95) I was advised that I could get two additional flashlights if I paid the shipping charge of $4.95 for each.  Nothing was said about becoming a member and since December I've been charged $24.95 monthly, which shows as TL 900 Headlamp, and when I call or e-mail they tell me they'll stop the "membership" of which I knew nothing, and as of today, agreed to refund $12.47 (one-half) the amount this month.  This is AFTER I've written and called repeatedly telling them to stop charging my card!  I've followed up in writing today and now have proof that they've agreed to stop the madness (at least an employee confirmation number) which I followed up with via e-mail.  I hope to be able to get charges reversed by my bank.

A true and correct printout of that complaint is attached as Exhibit 7.

7

CLASS ACTION COMPLAINT

**Advertising/Sales Issues (May 17, 2019)** I took a survey that stated you get a free gift if you complete the survey you just need to pay shipping and handling I picked the headlamp and paid the shipping and handling about $6.  A month later I got a bill for $49.99 I called the customer service number and was told that the gift was actually a 14day trial and I didn't return the lamp so they charged me the $49.99.  I stated to them that the survey/ gift never said anything about the trial and I felt they were running a scam.  I asked them to remove the charge and send me a return label for the lamp they said no, I continued to complain they offered to give me 20%off then50%off then 75% off.  I stated that I would dispute the charge with the credit card company and report them to the BBB.  They did credit me 75%of the charge but I still want the entire charge removed from my bill, I truly feel this is a scam by them.

A true and correct printout of that complaint is attached as Exhibit 8.

**Billing/Collection Issue (May 11, 2019)** This company has been charging for merchandise we never ordered.  I filled out a survey for Walmart and chose flashlights as a thank you gift (paying shipping and handling).  Then Primitive Survival started charging our credit card with charges for items we did not receive or order.  This began in Mar 2019.  The charge was taken off my bill once but now it is back on.

A true and correct printout of that complaint is attached as Exhibit 9.

23.     A consumer complaint posted to Amazon's website about the TL900 Tactical Headlamp details the consumer's negative experience with being signed up to the Survivors Club and being charged amounts that the consumer did not authorize:

**cutiemcb (January 20, 2019)** This company will begin sending you unsolicited emails and making charges to your account that you have not authorized.  I emailed them to cancel and they would not process my request.  I would call and be put on hold without every having the call being picked back up, and they refused to call me, though they were always quick to respond by email.  Finally go over $70 in charges reversed by complaining through BBB.  Check out their business profile – it happens to people a lot.

A true and correct printout of that Amazon complaint is attached as Exhibit 10.

### CLASS ACTION ALLEGATIONS

24.     Plaintiff brings this lawsuit as a class action under Code of Civil Procedure § 382 on behalf of two classes, as follows:

a.     The "ARL Class" is defined as "All individuals in California who, within the applicable limitations period, were enrolled by Defendants in an automatic renewal or continuous service program and had a credit card, debit card, and/or a third-party payment account charged by Defendants.  Excluded from the ARL Class are all employees of Defendants, all employees of Plaintiff's counsel, and the judicial officers to whom this case is assigned."

CLASS ACTION COMPLAINT

1          b.          The "Free Offer Class" is defined as "All individuals in California who,

2  within the applicable limitations period, were charged by Defendants for an item that was advertised

3  as a "free" offer, a "free trial" offer, or a "risk-free trial" offer.  Excluded from the Free Offer Class

4  are all employees of Defendants, all employees of Plaintiff's counsel, and the judicial officers to

5  whom this case is assigned."

6          25.     Ascertainability.  The members of each Class may be ascertained by reviewing

7  records in the possession of Defendants and/or third parties, including without limitation

8  Defendants' marketing and promotion records, customer records, and billing records.

9          26.     Common Questions of Fact or Law.  There are questions of fact or law that are

10  common to the members of each Class, which predominate over individual issues.  Common

11  questions regarding the ARL Class include, without limitation: (1) Whether Defendants presented

12  the terms of an automatic renewal or continuous service program in a manner that is "clear and

13  conspicuous" within the meaning of California law and in "visual proximity" to a request for consent

14  to the offer (or in the case of an offer conveyed by voice, in temporal proximity to a request for

15  consent to the offer); (2) Defendants' policies, practices and procedures for obtaining affirmative

16  consent from customers before charging a credit card, debit card, or third-party payment account;

17  (3) whether Defendants provide consumers with an acknowledgment that informs them of the

18  subscription enrollment terms, the cancellation policy, and information regarding how to cancel, in

19  a manner that is capable of being retained by the consumer; (4) Defendants' record-keeping

20  practices; and (5) the appropriate remedies for Defendants' conduct.  Common questions regarding

21  the Free Offer Class include, without limitation: (1) Whether Defendants charged money for items

22  that were represented to be free; (2) whether Defendants' advertising is untrue, misleading, and

23  likely to mislead a reasonable consumer; (3) Defendants' record-keeping practices; and (4) the

24  appropriate remedies for Defendants' conduct.

25          27.     Numerosity.  Each Class is so numerous that joinder of all Class members would be

26  impracticable.  Plaintiff is informed and believes and thereon alleges that each Class consists of at

27  least 100 members.

28

CLASS ACTION COMPLAINT

1    28.    <u>Typicality and Adequacy</u>.  Plaintiff's claims are typical of the claims of the members

2    of each Class.   Plaintiff alleges on information and belief that Defendants make the same or

3    substantially similar misleading advertisements and representations to other Class members;

4    enrolled ARL Class members in an automatic renewal or continuous service program without

5    presenting the applicable terms in the clear and conspicuous manner required by law; charged ARL

6    Class members' credit cards, debit cards, or third-party accounts without first obtaining the Class

7    members' affirmative consent to an agreement containing the required clear and conspicuous

8    disclosures; and failed to provide the requisite acknowledgment in a manner capable of being

9    retained by the ARL Class members.  Plaintiff has no interests that are adverse to those of the other

10   Class members.  Plaintiff will fairly and adequately protect the interests of the Class members.

11   29.    <u>Superiority</u>.   A class action is superior to other methods for resolving this

12   controversy.  Because the amount of restitution to which each Class member may be entitled is low

13   in comparison to the expense and burden of individual litigation, it would be impracticable for Class

14   members to redress the wrongs done to them without a class action forum.   Furthermore, on

15   information and belief, Class members do not know that their legal rights have been violated.  Class

16   certification would also conserve judicial resources and avoid the possibility of inconsistent

17   judgments.

18   30.    <u>Risk of Inconsistent or Varying Adjudications</u>.  Prosecuting separate actions by

19   individual Class members would create a risk of inconsistent or varying adjudications with respect

20   to individual Class members that would establish incompatible standards of conduct for Defendants.

21   As a practical matter, adjudication with respect to individual Class members would be also

22   dispositive of the interests of other members not parties to the individual adjudications or would

23   substantially impair or impede their ability to protect their interests.

24   31.    <u>Conduct on Grounds that Apply Generally to the Class</u>.  Defendants have acted or

25   refused to act on grounds that apply generally to the Class, so that final injunctive relief or

26   corresponding declaratory relief is appropriate respecting the Class as a whole.

27

28

CLASS ACTION COMPLAINT

**FIRST CAUSE OF ACTION**

Violation of California's Automatic Renewal Law

(Bus. & Prof. Code, § 17535 and § 17600 et seq.)

32. Plaintiff incorporates the previous allegations as though fully set forth herein.

33. Plaintiff is informed and believes and thereon alleges that, during the applicable statute of limitations period, Defendants have enrolled consumers, including Plaintiff and ARL Class members, in automatic renewal and/or continuous service programs and have (a) failed to present the automatic renewal or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreeing is fulfilled and in visual proximity (or in the case of an offer conveyed by voice, in temporal proximity) to the request for consent to the offer; (b) charged the consumer's credit or debit card or the consumer's third-party payment account for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to an agreement containing clear and conspicuous disclosure of the required automatic renewal or continuous service offer terms; and/or (c) failed to provide an acknowledgment that includes clear and conspicuous disclosure of the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer, all in violation of § 17602.

34. Pursuant to §§ 17535 and 17603, Plaintiff and ARL Class members are entitled to restitution of all amounts that Defendants charged to Plaintiff's and Class members' credit cards, debit cards, or third-party payment accounts during the four years preceding the filing of this Complaint and continuing until Defendants' statutory violations cease.

35. Pursuant to § 17535, Plaintiff and the ARL Class members are entitled to an injunction enjoining Defendants from making offers to California consumers that do not comply with California law, from making charges to credit cards, debit cards, or third-party accounts without prior affirmative consent to an agreement containing clear and conspicuous disclosure of all automatic renewal or continuous service offer terms, and from failing to provide information regarding how to cancel in a manner that is capable of being retained by the consumer.

11

CLASS ACTION COMPLAINT

1

**SECOND CAUSE OF ACTION**

2

False Advertising

3

(Bus. & Prof. Code, § 17500 et seq.)

4      36.      Plaintiff incorporates the allegations of paragraphs 1-31 as though set forth herein.

5      37.      California's False Advertising Law (Bus. & Prof. Code, § 17500 *et seq*.) ("FAL")

6 makes it "unlawful for any person to make or disseminate or cause to be made or disseminated

7 before the public in this state, … in any advertising device … or in any other manner whatever,

8 including over the Internet, any statement, concerning … personal property or services, professional

9 or otherwise, or performance or disposition thereof, which is untrue or misleading and which is

10 known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

11      38.      Throughout the Class Period, Defendants committed acts of false advertising, as

12 defined by the FAL, by using untrue or misleading statements to promote the sale of Defendants'

13 products offered as "free," "free trials," or "risk-free trials" when, in fact, Defendants intended to

14 charge the full price for the product if it was not returned by the consumer within a limited period

15 of time.

16      39.      Defendants knew or should have known, through the exercise of reasonable care, that

17 their advertisements, marketing statements, and representations to consumers were untrue and

18 misleading.

19      40.      Defendants' actions in violation of the FAL were false and misleading such that the

20 general public is and was likely to be deceived.

21      41.      Plaintiff has suffered injury in fact and lost money as a result of Defendants' false

22 advertising.

23      42.      Pursuant to § 17535, Plaintiff and Free Offer Class members are entitled to restitution

24 of all amounts that Defendants charged for items that were represented as "free," a "free trial," or a

25 "risk-free trial" during the four years preceding the filing of this Complaint and continuing until

26 Defendants' false advertising ceases.

27      43.      Pursuant to § 17535, Plaintiff and Free Offer Class members are entitled to an

28 injunction enjoining Defendants from making false or misleading offers to California consumers.

CLASS ACTION COMPLAINT

**THIRD CAUSE OF ACTION**

Violation of the Consumers Legal Remedies Act

(Civ. Code, § 1750 et seq.)

44.     Plaintiff incorporates the previous allegations as though fully set forth herein.

45.     Plaintiff and the Class members are "consumers" within the meaning of Civil Code § 1761(d) in that Plaintiff and the Class members sought or acquired Defendants' goods and/or services for personal, family, or household purposes.

46.     Defendants' merchandise and offers relating thereto constitute "goods" and/or "services" within the meaning of Civil Code § 1761(a) and (b).

47.     The purchases by Plaintiff and Class members are "transactions" within the meaning of Civil Code § 1761(e).

48.     Defendants have violated Civil Code § 1770, subdivisions (a)(5), (a)(9), (a)(13), (a)(14), and (a)(17) by representing that Defendants' goods or services have certain characteristics that they do not have; advertising goods or services with the intent not to sell them as advertised; making false and misleading statements of fact concerning the reasons for, existence of and amounts of price reductions; representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve; and by representing that the consumer will receive a rebate, discount, or other economic benefit, if the earning of the benefit is contingent on an event to occur subsequent to the consummation of the transaction.

49.     Plaintiff seeks an injunction prohibiting Defendants from continuing their unlawful practices in violation of the Consumers Legal Remedies Act, as described above.

**FOURTH CAUSE OF ACTION**

Violation of the California Unfair Competition Law

(Bus. & Prof. Code, § 17200 et seq.)

50.     Plaintiff incorporates the previous allegations as though fully set forth herein.

51.     The California Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200 *et seq.*, defines unfair competition as including "any unlawful, unfair or fraudulent business act or practice."

52.     In the course of conducting business within the applicable limitations period,

13

CLASS ACTION COMPLAINT

1    Defendants committed "unlawful," "unfair," and/or "fraudulent" business practices by, *inter alia*

2    and without limitation: (a) failing to present automatic renewal or continuous service offer terms in

3    a clear and conspicuous manner before a purchasing agreement is fulfilled and in visual proximity,

4    or in the case of an offer conveyed by voice, in temporal proximity, to a request for consent to the

5    offer, in violation of § 17602(a)(l); (b) charging the consumer's credit card, debit card, or third-party

6    payment account for an automatic renewal or continuous service without first obtaining the

7    consumer's affirmative consent to an agreement containing clear and conspicuous disclosure of all

8    automatic renewal or continuous service offer terms, in violation of § 17602(a)(2); (c) failing to

9    provide an acknowledgment that includes clear and conspicuous disclosure of automatic renewal or

10   continuous service offer terms, the cancellation policy, and information regarding how to cancel in

11   a manner that is capable of being retained by the consumer, in violation of § 17602(a)(3);

12   (d) representing that Defendants' goods or services have certain characteristics that they do not, in

13   violation of Civil Code § 1770(a)(5); (e) advertising goods or services with the intent not to sell

14   them as advertised, in violation of Civil Code § 1770(a)(9); (f) making false and misleading

15   statements of fact concerning the reasons for, existence of and amounts of price reductions, in

16   violation of Civil Code § 1770(a)(13); (g) representing that a transaction confers or involves rights,

17   remedies, or obligations that it does not have or involve, in violation of Civil Code §1770(a)(14);

18   (h) representing that the consumer will receive a rebate, discount, or other economic benefit, if the

19   earning of the benefit is contingent on an event to occur subsequent to the consummation of the

20   transaction, in violation of Civil Code § 1770(a)(17); and (i) using untrue or misleading statements

21   to promote the sale of Defendants' products.  Plaintiff reserves the right to allege other violations of

22   law that constitute unlawful, unfair, or fraudulent business acts or practices.

23          53.    Defendants' acts and omissions as alleged herein violate obligations imposed by

24   statute, are substantially injurious to consumers, offend public policy, and are immoral, unethical,

25   oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits

26   attributable to such conduct.

27          54.    There were reasonably available alternatives to further Defendants' legitimate

28   business interests, other than the conduct described herein.

CLASS ACTION COMPLAINT

55.     Defendants' acts, omissions, nondisclosures, and misleading statements as alleged herein were and are false, misleading, and/or likely to deceive the consuming public.

56.     Plaintiff has suffered injury in fact and lost money as a result of Defendants' acts of unfair competition.

57.     Pursuant to § 17203, Plaintiff and all Class members are entitled to restitution of all amounts Defendants received from them as result of the foregoing conduct during the four years preceding the filing of this Complaint and continuing until Defendants' acts of unfair competition cease.

58.     Pursuant to § 17203, Plaintiff is entitled to an order enjoining Defendants from committing further acts of unfair competition.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment

59.     Plaintiff incorporates the previous allegations as though fully set forth herein.

60.     As a result of money taken by or paid to Defendants in violation of California law, Defendants received money at the expense of Plaintiff and Class members.  Defendants would be unjustly enriched if they were permitted to retain those funds, and Defendants should be ordered to restore said funds to Plaintiff and Class members.

61.     Plaintiff alleges this unjust enrichment claim in the alternative to relief provided under any legal claim alleged herein.

## SIXTH CAUSE OF ACTION

### Violation of the Electronic Funds Transfer Act

62.     Plaintiff incorporates the allegations of paragraphs 1-31 as though set forth herein.

63.     The Electronic Funds Transfer Act ("EFTA") establishes the rights, liabilities, and responsibilities of participants in an electronic fund transfer system.  15 U.S.C. § 1693 *et seq.*

64.     Defendants' transfers of money involving class members, as alleged herein, are "electronic fund transfers" within the meaning of the EFTA and its implementing regulations, Regulation E, 12 C.F.R. § 205 *et seq.*

65.     The EFTA provides that a preauthorized electronic fund transfer from a consumer's

15

CLASS ACTION COMPLAINT

1  account may be authorized only by a writing signed or similarly authenticated by the consumer, and

2  that the person who obtains an authorization must provide a copy to the consumer.   12 C.F.R.

3  § 205.10(b).

4         66.      Plaintiff is informed and believes and thereon alleges that Defendants initiated

5  preauthorized transfers via debit cards and took money from the bank accounts of class members

6  without obtaining their written authorization and/or without providing a copy of a such a written

7  authorization.  As a result of Defendants' violations of the EFTA, including Regulation E, affected

8  class members are entitled to recover actual damages and/or statutory damages pursuant to 15 U.S.C.

9  § 1693m(a).

10                                          **PRAYER**

11         WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

12         On the First Cause of Action:

13         1.      For a public injunction for the benefit of the People of the State of California;

14         2.      For restitution;

15         On the Second Cause of Action:

16         3.      For a public injunction for the benefit of the People of the State of California;

17         4.      For restitution;

18         On the Third Cause of Action:

19         5.      For a public injunction for the benefit of the People of the State of California;

20         6.      For reasonable attorneys' fees and costs pursuant to Civil Code § 1780(e);

21         On the Fourth Cause of Action:

22         7.      For a public injunction for the benefit of the People of the State of California;

23         8.      For restitution;

24         On the Fifth Cause of Action:

25         9.      For restitution;

26         On the Sixth Cause of Action:

27         10.     For actual damages and/or statutory damages pursuant to 15 U.S.C. § 1693m(a);

28

16

CLASS ACTION COMPLAINT

1    On All Causes of Action:

2    11.    For reasonable attorneys' fees pursuant to Cal. Code Civ. Proc. § 1021.5;

3    12.    For costs of suit;

4    13.    For pre-judgment interest; and

5    14.    For such other relief that the Court deems just and proper.

6    DATED:  October 2, 2019                    DOSTART HANNINK & COVENEY LLP

7

8                                              _____
                                               ZACH P. DOSTART
9                                              Attorneys for Plaintiff

10

11                          **DEMAND FOR JURY TRIAL**

12    Plaintiff hereby demands a trial by jury of all claims and causes of action so triable.

13    Dated: October 2, 2019                    DOSTART HANNINK & COVENEY LLP

14

15                                             _____
                                               ZACH P. DOSTART
16                                             Attorneys for Plaintiff

17    895123.2

18

19

20

21

22

23

24

25

26

27

28

17

CLASS ACTION COMPLAINT